**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

LORI SPANO; ALAN OPOIEN;
PATRICIA MCGRATH; JOAN HORTON,
                    *Plaintiffs,*

            and

CHARLES BURR; SHANNON MASSEY,
            *Plaintiffs-Appellants,*

            v.

SAFECO CORPORATION; SAFECO
INSURANCE CO. OF AMERICA;
AMERICAN STATE INSURANCE
COMPANY; SAFECO INSURANCE
COMPANY OF ILLINOIS; SAFECO
INSURANCE COMPANY OF OREGON,
            *Defendants-Appellees.*

No. 04-35313

D.C. No.
CV-01-01464-AJB

OPINION

On Remand From The United States Supreme Court

Filed January 9, 2008

Before: Stephen Reinhardt, Marsha S. Berzon, and
Jay S. Bybee, Circuit Judges.

Per Curiam Opinion

**OPINION**

PER CURIAM:

This appeal comes before us on remand from the Supreme Court. *See Safeco Ins. Co. of Am. v. Burr*, 127 S.Ct. 2201 (2007). The Court affirmed our holding in *Reynolds v. Hartford Financial Services Group, Inc.*, 435 F.3d 1081 (9th Cir. 2006), that liability under 15 U.S.C. § 1681n(a) for "willfully fail[ing] to comply" with the Fair Credit Reporting Act (FCRA) includes reckless disregard of statutory duties. *Burr*, 127 S.Ct. at 2208. The Court also agreed with our holding that quoting or charging a first-time premium can be "an increase in any charge for . . . any insurance, existing or applied for." *Id.* at 2210 (quoting 15 U.S.C. § 1681a(k)(1)(B)(i)). In addition, the Court held that notice is required only when consideration of a consumer's credit report is a necessary condition for the increased rate. *Id.* at 2212 (citing 15 U.S.C. § 1681m(a)). Finally, reversing our holding, the Court held that the baseline for determining whether a first-time rate is a disadvantageous increase is the rate the applicant would have received had the company not taken his credit score into account. *Id.* at 2213.

The Court held that Safeco was not liable because its misreading of the statute was not reckless, and therefore was not "willful." *Id.* at 2215-16.

Plaintiffs did not raise on appeal any basis for liability other than the theory rejected by the Court. Therefore we affirm the district court's summary judgment.

AFFIRMED.